IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| United States of America ) | |
| ) | Cr. No. 8:07-13-HMH |
| vs. ) | |
| ) | **OPINION & ORDER** |
| Dwayne Altwan Langford, ) | |
| ) | |
| Movant. ) | |

This matter is before the court on Dwayne Altwan Langford's ("Langford") motion for relief pursuant to Rule 60(a) of the Federal Rules of Civil Procedure. On May 20, 2010, Langford filed a motion for relief requesting that the court consider his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Langford alleges that he filed a § 2255 motion on August 14, 2008. However, there is no record that Langford has ever filed a § 2255 motion. As such, the court denied Langford's motion on July 19, 2010. On August 5, 2010, Langford filed the instant motion asking the court to consider his § 2255 motion due to an alleged clerical mistake. Giving Langford the benefit of the doubt, the court will consider Langford's § 2255 motion as timely filed and address Langford's claim raised in his motion.[1]

In his § 2255 motion, Langford alleges ineffective assistance of counsel. Specifically, Langford states that his counsel failed "to file for suppression of the evidence prior to defendant pleading guilty." (Langford Mem. Supp. § 2255 Mot. 2.) Langford contends that "[c]ounsel's failure to conduct a pretrial discovery or suppress the evidence, amounts to ineffective assistance of counsel." (Id.) Langford alleges that his counsel should have moved to suppress evidence

---

[1] Langford attached a § 2255 motion and memorandum in support to the instant motion for relief.

1

recovered pursuant to a search warrant because "the residence was not in [his] name." (Id.)

In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Langford must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. With respect to the second prong, Langford must demonstrate a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Langford's claim for ineffective assistance of counsel is without merit. Langford does not allege that the search of the residence was done without probable cause, rather he merely alleges that he was not the owner of the home. "The Fourth Amendment requires that search warrants be issued only 'upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.'" Dalia v. United States, 441 U.S. 238, 255 (1979). Law enforcement obtained a Federal Search Warrant on September 25, 2006, and executed it at the residence where the defendant was residing, 13 Sertoma Drive. (Presentence Investigation Report ("PSR") ¶ 5.) Moreover, on the day of the search, Langford's girlfriend was interviewed by law enforcement and admitted that Langford sold cocaine from her residence–13 Sertoma Drive. (Id.) Based on the foregoing, Langford's counsel had no basis to object to the search warrant on the ground that Langford did not own his home. Further, Langford has failed to provide any evidence to establish how his counsel's

failure to file a motion to suppress evidence was unreasonable. Rather, Langford merely alleges that counsel was ineffective for failing to file a motion to suppress "[a]t the outset of [his] guilty plea." (Langford Mem. Supp. § 2255 Mot. 2.) Consequently, Langford has failed to demonstrate that his counsel's performance fell below an objective standard of reasonableness.

Therefore, it is

**ORDERED** that Langford's motion for relief, docket number 54, is granted; it is further

**ORDERED** that Langford's § 2255 motion is denied; and it is further

**ORDERED** that a certificate of appealability is denied because Langford has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
August 16, 2010

## NOTICE OF RIGHT TO APPEAL

The Movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.