IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | Cr. No. 8:07-13-HMH |
| ) | |
| ) | |
| vs. ) | **OPINION AND ORDER** |
| ) | |
| Dwayne Altwan Langford, ) | |
| ) | |
| Movant. ) | |

This matter is before the court on Dwayne Altwan Langford's ("Langford") motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. On August 5, 2009, Langford filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255, claiming he received constitutionally ineffective assistance of counsel. Specifically, Langford contended his counsel was deficient for failing to move to suppress evidence prior to his guilty plea and failing to conduct pretrial discovery. (Langford Mem. Supp. § 2255 Mot. 2.) On August 16, 2010, the court denied Langford's motion. Langford filed the instant motion on August 28, 2010, asking the court to reconsider its dismissal of his § 2255 claim and to afford him "the opportunity to respond to any defects in his motion according to the law." (Langford Mot. Recons. Ct.'s Op./Order on Aug. 16, 2010 at 3.) For the reasons explained below, the court denies Langford's motion.

Rule 59(e) is an "extraordinary remedy," and it should be granted sparingly. Pac. Ins. Co. v. Am. Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). A court may amend a previous

1

judgment pursuant to Rule 59(e) only "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993).

In his motion for reconsideration, Langford fails to present the court with any evidence that would authorize Rule 59(e) relief. Instead, Langford reasserts the argument that his counsel was constitutionally ineffective. In addition, Langford alleges that the court failed to address his claim that counsel was ineffective for not conducting pretrial discovery. (Langford Mot. Recons. Ct.'s Op./Order on Aug. 16, 2010 at 3.) With respect to this claim, Langford asserts only bare factual allegations in his § 2255 motion and the instant motion. Langford has not demonstrated that his counsel's representation fell below an objective standard of reasonableness or caused prejudice. Therefore, after review of the record, this claim is wholly without merit. Based on the foregoing, the court denies his motion for reconsideration.

Therefore, it is

**ORDERED** that Langford's motion for reconsideration, docket number 59, is denied.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
September 21, 2010

**NOTICE OF RIGHT TO APPEAL**

The Movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.